1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LONZELL GREEN,                          No. 2:07-CV-02670-NRS

12          vs.

13   JAMES WALKER, ET AL.

14                              ORDER

15       Before the Court is Plaintiff's Complaint, wherein he alleges a number of

16   state prison officials denied him both federal and state rights under both 42 U.S.C.

17   § 1985 and 18 U.S.C. § 1964.  Plaintiff also filed a request to file criminal charges

18   against the same state prison officials.  We dismiss Plaintiff's complaint on all

19   three grounds without prejudice.

20              APPLICATION TO PROCEED IN FORMA PAUPERIS

21       Plaintiff is a state prisoner proceeding pro se.  Plaintiff filed his Complaint

22   and his request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 on

23   November 8, 2007.  Plaintiff then submitted a declaration that makes the showing

24   required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma

25   pauperis is granted.

26       Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

                                      1

28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $10.91 will be assessed by this order.  28 U.S.C. § 1915(b)(1).  Accordingly, the Court will direct the appropriate agency to collect the initial partial filing fee from Plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, Plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to Plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

<u>28 U.S.C. § 1915A</u>

Under 28 U.S.C. § 1915A(a), the Court must screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  The Court will dismiss a complaint, or portion thereof, if the prisoner has raised claims that are, among other things, legally "frivolous" or "malicious" or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(b)(1) & (2).

"[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "[The Court's] inquiry is whether any of [Plaintiff's] claims has an arguable basis in law and fact."  *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000).  However, because we are only considering Plaintiff's pleadings at this stage of litigation, our order is necessarily informed by Rule 8 of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), "enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In reviewing the Plaintiff's

pleadings, we accept as true the allegations in his complaint and construe the

pleading in the light most favorable to the Plaintiff. *Jenkins v. McKeithen*, 395

U.S. 411, 421 (1969). "Accordingly, a pleading must give fair notice [to

defendants] and state the elements of the claim plainly and succinctly." *Jones v.*

*Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (internal quotation

marks and citation omitted).

<u>42 U.S.C. § 1985</u>

Plaintiff characterized his Complaint as a "1964/1985 Criminal Civil Rights

Complaint." In his Complaint, Plaintiff did allege that Defendants "[p]revented

[Plaintiff] from the free exercise rights secured and guaranteed, [b]y the first,

fourteenth [sic] Amendment to the U.S. Constitution," and that Defendants had a

"pattern of showing Defiance [sic] towards the laws of the . . . United States."

Because Plaintiff does not identify under which subsection of § 1985 he is

proceeding, we will construe Plaintiff's claim, given the aforementioned language,

to proceed under the first clause of subsection 1985(3), which grants a right of

action to a party injured by "two or more persons in any State or Territory [that]

conspire . . . for the purpose of depriving, either directly or indirectly, any person

or class of persons of the equal protection of the laws, or of equal privileges and

immunities under the law." 42 U.S.C. § 1985(3).

In order to state a claim under § 1985(3), Plaintiff must allege: (1) racial or

class-based invidious discrimination, *Bretz v. Kelman*, 773 F.2d 1026, 1028–30

(9th Cir. 1985); and (2) specific facts to support the existence of a claimed

conspiracy, *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 929 (9th Cir. 2004).

As to the first prong, Plaintiff has argued that he was discriminated against on the

basis of his mental and physical disabilities. Even assuming that this gives rise to a

§ 1985 claim, Plaintiff provided no statement or facts in support of his claim; he

3

offers only bare assertions.  As to the second prong, Plaintiff has alleged absolutely no specific facts to support the existence of a claimed conspiracy.  Again, he makes only bare allegations that Defendants discriminated against him.

Plaintiff has not asserted any violation of federal law in the body of his Complaint other than to make bare allegations that his First and Fourteenth Amendment rights were denied.  Plaintiff has not offered any explanation about how or when Defendants supposedly violated these constitutional rights.  In sum, Plaintiff's pleadings fail to give Defendants fair notice of the claims being brought against them.  Therefore, even if we construe the Complaint in Plaintiff's favor and take all the pleaded facts as true, Plaintiff has failed to properly plead a violation of federal law.  Accordingly, we have no choice but to dismiss Plaintiff's claim under 28 U.S.C. § 1915(d)(2)(B)(ii) for failure to "state a claim on which relief may be granted."

<u>18 U.S.C. § 1964</u>

Plaintiff also alleges a claim pursuant to § 1964.  Section 1964 allows district courts various methods for preventing and restraining violations of § 1962.  Section 1962, in turn, criminalizes various racketeering activities.  Plaintiff's exact claims are difficult to decipher.  However, after a liberal reading of the Complaint, it appears that Plaintiff alleges Defendants routinely denied him opportunities to participate in "credit earning" programs after he was determined to be disabled.  At no point did Plaintiff allege that Defendants were engaged in some manner of racketeering scheme.  As with Plaintiff's § 1985 action, we have no choice but to dismiss Plaintiff's claim under 28 U.S.C. § 1915(d)(2)(B)(ii) for failure to "state a claim on which relief may be granted."

<u>REQUEST TO FILE CRIMINAL CHARGES AGAINST DEFENDANTS</u>

Plaintiff has also requested that criminal charges be filed against Defendants

4

and that a federal investigation take place into the matter based on Defendants'
alleged violations of Plaintiff's rights.  However, Plaintiff only asserted violations
of state law in his Complaint; namely he asserts violations of: Cal. Admin. Code
tit. 15, § 3043.5(b), (d)(1), (d)(2)(A), Cal. Admin. Code tit. 15
§ 3044(b)(2),(b)(2)(E) (2009), Cal. Admin Code tit. 15 § 3177(c) (2009), Cal.
Admin. Code tit. 15 § 3085, Cal Admin. Code tit. 15 § 3045(a)(2), Cal. Admin.
Code tit. 15 § 3353, Cal. Admin. Code tit. 15 § 3382, Cal. Admin. Code § 3075(a)-
(b), Cal. Penal Code § 470, Cal. Penal Code § 206, Cal. Penal Code § 147, and Cal.
Penal Code § 4019.   Though he does assert claims based on 18 U.S.C. §§ 241 &
242, those claim can exist only if there is some underlying federal allegation.
Again, Plaintiff has not actually asserted any violation of federal law in the body of
his Complaint other than to make bare allegations that his First and Fourteenth
Amendment rights were denied.  Thus, even if the Defendants have in fact violated
Plaintiff's state law rights, this does not provide federal jurisdiction for a federal
investigation to take place.

Moreover, the U.S. Attorney's Office, not this Court, determines when and
if to file federal criminal charges.  If Plaintiff wishes to request that criminal
charges be filed against Defendants, he should contact the U.S. Attorney's Office
directly.  Accordingly, we dismiss Plaintiff's request.


Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's request to proceed in forma pauperis is granted;

2.  Plaintiff's § 1985 and § 1964 claims are dismissed, without
prejudice; and

3.  Plaintiff's request to have criminal charges filed against
Defendants is denied.

DATED:  **December 15, 2009**

_____

Honorable N. Randy Smith

Ninth Circuit Court of Appeals Judge